BALDWIN v. WESTENHAVER *et al.*

**Murder:** BAIL AFTER CONVICTION PENDING APPEAL. Under chapter 103, Laws of 1878, which provides that "no defendant convicted of murder shall be admitted to bail," and which must be regarded as repealing all prior inconsistent legislation, one convicted of murder in the second degree is not entitled to be admitted to bail pending an appeal to this court from the judgment of conviction.

*Original proceedings in habeas corpus.*

FILED, OCTOBER 19, 1888.

THE plaintiff presented his petition to the HON. JOSEPH R. REED, one of the judges of this court, upon which a writ of *habeas corpus* was issued to M. Westenhaver, sheriff of Jefferson county, and George W. Crosley, warden of the penitentiary at Fort Madison, alleging that he was unlawfully restrained by them of his liberty. Upon return of the writ the cause was submitted to the court.

*M. A. McCoid*, for plaintiff.

*J. S. McKewey*, for defendants.

BECK, J.—I. The undisputed facts of the case are these: Plaintiff was duly indicted, and convicted of murder in the second degree. He perfected his appeal to this court, and thereupon asked the district court to order and fix bail, as he desired to be kept in jail pending his appeal. This was refused. Upon a proper transcript of the judgment of the district court the sheriff delivered the plaintiff to the warden of the penitentiary, in whose custody he remained. The plaintiff claims that under the statutes of the state he is entitled to be admitted to bail pending his appeal in this court. This claim is denied by defendants. No other question is presented by the case than the one involved in the issue there presented by the parties.

II. The case may be more clearly presented by reciting all the provisions of the statute applicable to the question before us. They are in the following language (Code, sec. 4107): "All defendants are bailable, both before and after conviction, by sufficient surety, except for offenses heretofore punishable with death under the laws of the state, when the proof is evident and the presumption great." Section 4511: "In all cases, except murder in the first degree, the court rendering judgment must make an order fixing the amount in which bail must be taken, and there shall be no execution of the judgment until such order is made." Section 4528: "An appeal taken by the defendant does not stay the execution of the judgment, unless bail be put in, except as provided by the next section." Section 4529: "When the judgment is imprisonment in the penitentiary, and an appeal is taken during the term at which the judgment is rendered, and the defendant is unable to give bail, and that fact is satisfactorily shown to the court, it may, in its discretion, order the sheriff or officer having the defendant in custody to detain him in custody, without taking him to the penitentiary, to abide

the judgment on the appeal, if the defendant desire it."
Section 3848: "Whosoever kills any human being
with malice aforethought, either expressed or implied,
is guilty of murder." Section 3849 (as amended by
subsequent legislation): "All murder which is perpe-
trated by means of poison or lying in wait, or any other
wilful, deliberate and premeditated killing, or which is
committed in the prepetration or attempt to perpetrate
any arson, rape, robbery, mayhem, or burglary, is
murder in the first degree, and shall be punished by
death, or imprisonment for life at hard labor in the state
penitentiary, as determined by the jury, or by the court,
if the defendant pleads guilty." Section 3850: "Who-
ever commits murder otherwise than is set forth in the
preceding section is guilty of murder in the second
degree, and shall be punished by imprisonment in the
penitentiary for life, or for any term not less than ten
years." Chapter 103, Acts Seventeenth General
Assembly, amending section 4107 of the Code: "No
defendant convicted of murder shall be admitted to
bail."

Under the provisions of the Code prior to the statute
last quoted, persons convicted of murder not punishable
with death could have been admitted to bail (Code, sec.
4107); and except in cases of murder in the first degree,
the accused could be admitted to bail after conviction.
Sec. 4511. But chapter 103, Acts Seventeenth General
Assembly, forbids bail to a defendant convicted of
murder. It is obvious that this provision is in conflict
with the other statutes under which, prior thereto, bail
could have been allowed to one convicted of murder in
the second degree. The language of the statute, being
prohibitory in form, was of course intended to repeal all
sections of the Code permitting bail which this statute
prohibits. Under prior statutes bail was permitted in
certain cases. Under this statute it is prohibited in these
very cases. It is to be regarded as the repeal of the
prior inconsistent legislation. It is plain that the pro-
hibition extends to murder in the second degree, of
which plaintiff in this case was convicted. It prohibits

bail in all cases of murder. Murder in this state is of two degrees,—first and second; and both of these degrees are within the designation of the term "murder," as defined by the statute of the state. This is made obvious by the consideration of Code, sections 3848, 3849. The prohibition of the statute extends to murder in the second degree, and in no case can bail be allowed to one convicted of that crime. The question demands no further discussion. As bail was prohibited to defendant, the district court exercises no discretion in the matter, and rightly refused defendant's application for bail; for, under the plain language of Code, section 4529, the discretion may only be exercised in cases where bail may be given, and the accused is unable to give it. The petition for the writ of *habeas corpus* is

DISMISSED.